IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EUSEBIO PALACIOS, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-3046-B |
| | § | |
| NATIONAL HOME SAVERS CO., | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Eusebio Palacios and his wife, Julia Fernandez, both of whom are citizens of Texas, against a real estate investment company and two of its principals. On November 4, 2011, plaintiffs tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiffs in their pauper's affidavit indicates that they lack the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiffs in order to obtain additional information about the factual basis of this suit. Plaintiffs answered the interrogatories on November 30, 2011. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

On or about May 6, 2009, plaintiffs allegedly invested $10,000 with defendants to acquire and manage certain properties in the Dallas area.  (*See* Plf. Compl. at 1 & Attch. at Page ID 11, 16-17).  However, plaintiffs never received any property or dividend payments on their investment.  (*Id.*).  By this suit, plaintiffs want their initial $10,000 investment refunded, together with interest and unspecified damages.  Plaintiffs also want the defendants prosecuted and "brought to justice." (*See* Mag. J. Interrog. #2).

A.

The court must initially examine the basis for federal subject matter jurisdiction.  Unless otherwise provided by statute, federal district courts have jurisdiction over:  (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1331 & 1332(a).  A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper.  *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

B.

Plaintiffs do not allege a cognizable claim arising under federal law.  In their complaint and interrogatory answers, plaintiffs make clear that their claims against defendants are based upon various theories of fraud and fraudulent inducement.  (*See* Mag. J. Interrog. #1(a), 3(c), 4).  Such claims arise under Texas law, not federal law. *See Cawthon v. Public Storage*, No. 3-09-CV-0267-N, 2009 WL 1650562 at *1 (N.D. Tex. Jun. 12, 2009) (summarily dismissing fraud claim for lack of federal subject matter jurisdiction).

Nor is there any basis for federal diversity jurisdiction. Not only does the amount in controversy fall below the $75,000 threshold, (*see* Mag. J. Interrog. #2), but it is apparent from the face of the complaint and interrogatory answers that plaintiffs and at least two defendants are citizens of Texas. (*See* Mag. J. Interrog. #3(b), 5). Consequently, federal diversity jurisdiction is not proper. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] The disposition of this case does not preclude plaintiffs from suing defendants in Texas state court.

DATED:  December 2, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE